**Jamal MOHAMED, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71787.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Jamal Mohamed, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an immigration judge's ("IJ") order pretermitting his application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT").

We lack jurisdiction to review the BIA's determination that Mohamed failed to file a timely asylum application and that no extraordinary circumstances excused the untimely filing of his application. *See Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir.2005).

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review the denial of withholding of removal and relief under the CAT. Because the BIA adopted the IJ's decision and gave reasons of its own, we

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

review both decisions. *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000). Reviewing for substantial evidence, *see Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir. 2004), we dismiss in part and deny in part the petition for review.

The BIA's adverse credibility finding rests in part on internal inconsistencies in Mohamed's hearing testimony, and inconsistencies between his testimony and his declaration, regarding key details of alleged incidents of persecution by a militant Hindu organization. Because these inconsistencies go to the heart of Mohamed's claim of persecution, they constitute substantial evidence supporting the finding that Mohamed was not credible. *See Chebchoub v. INS,* 257 F.3d 1038, 1042–43 (9th Cir.2001); *see also Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003) (where at least "one of the identified grounds is supported by substantial evidence and goes to the heart of [a petitioner's] claim of persecution, we are bound to accept the IJ's adverse credibility finding").

Accordingly, Mohamed has failed to show eligibility for withholding of removal. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004). Mohamed's CAT claim also fails because it is based on the same testimony that the BIA concluded was incredible. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004).

PETITION FOR REVIEW DISMISSED in part; DENIED in part.